**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTON BOHN, | : | Civil Action No. 09-420 (JAP) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| JAMES T. VAUGHN CORRECTIONAL CENTER, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Anton Bohn
Central Violation of Probation Center
Smyrna, DE 19977

**PISANO**, District Judge

Plaintiff Anton Bohn ("Plaintiff"), a prisoner confined at the Central Violation of Probation Center, Smyrna, Delaware, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] It appears that Plaintiff was a pretrial detainee at the time he filed the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

---

[1] Plaintiff was a prisoner confined at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, when he filed the Complaint.

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The Complaint alleges denial of needed medical treatment. The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on April 28, 2009, at approximately 2:25 P.M., he was in the yard where it was over ninety degrees with no shade. Plaintiff asked a corrections officer ("C/O") for water or ice and was told "No." He then asked to return to his cell and was told to wait until 2:45 P.M. when the doors opened. Plaintiff explained that he felt very sick and dizzy from the heat and, again, was told to wait. After fifteen minutes he was let into the tier, but not into his cell. The tiers have no air conditioning or fans.[2] Plaintiff asked Defendant C/O R. Kenton ("Kenton") to open his cell door and explained his situation. Kenton told Plaintiff there was nothing she could do. Plaintiff struggled to his cell door and fell to the floor. After five to ten minutes, the door opened and Plaintiff crawled onto his cell-mate's bed.

Defendant Sgt. R. Bailey ("Bailey") arrived and told Plaintiff to get up. Another C/O arrived, and Bailey called a

---

[2]Plaintiff explains that A tier does not have a fan, while B and C tier have fans.

medical "Code 4." Defendant VCC Medical Staff ("Medical Staff") arrived five minutes later and Plaintiff was taken to medical that day and treated.

Plaintiff alleges that since the occurrence he has sought medical treatment, to no avail. He alleges that Defendants exercised deliberate indifference to his health by failing to provide adequate medical care and supplies. He alleges that he suffered pain and mental anguish, and continues to suffer from migraine headaches and back pain due to his fall, as well as general pain throughout his body. Plaintiff alleges that Defendants continue to ignore his requests for medical care. Finally, Plaintiff seeks compensatory in the sum of no less than three hundred thousand dollars. Plaintiff also requests counsel. (D.I. 3, 6.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). An action is frivolous if it "lacks an arguable basis either in law or in

3

fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008)(not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that Defendant is liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

### III. SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

5

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

IV. ANALYSIS

A. Eleventh Amendment Immunity

Plaintiff's claim against the VCC is barred by the State's Eleventh Amendment immunity. See MCI Telecom. Corp. v. Bell Atl.

of Pa., 271 F.3d 491, 503 (3d Cir. 2001).  The VCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware.  The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983.  Brooks-McCollum v. Delaware, 213 F. App'x 92, 94 (3d Cir. 2007) (citations omitted) (not published).  Additionally, state correctional institutions are arms of the state and not persons subject to liability under § 1983.  See Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005).  Consequently, Plaintiff's claim against the VCC has no arguable basis in law or in fact and, therefore, it is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

B.  Medical Needs

Plaintiff alleges Defendants were deliberately indifferent to his condition.  It appears that Plaintiff was a pretrial detainee at the time of the events alleged.  As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment

affords Plaintiff protection for his medical needs claim. Ingraham v. Wright, 430 U.S. 651, 671-72 n.40(1977); see also Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has found no reason to apply a different standard than that set forth in Estelle v. Gamble, 429 U.S. 97 (1976). Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003). To evaluate a medical needs claim, the Court determines if there is evidence of a serious medical need and acts or omissions by prison officials indicating deliberate indifference to those needs. Id. at 582.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d. Cir. 2004) (citations omitted).

Plaintiff alleges that while in the yard he became overheated and was denied his request to return to his cell. At the most, Plaintiff waited fifteen minutes before returning to the tier. Once on the tier Plaintiff unsuccessfully asked Keaton for ice or water and to open his cell door. There are no other allegations raised against Keaton. At the most, Keaton may have been negligent in not providing Plaintiff with ice or water, but her failure to immediately respond to Plaintiff's request does not indicate deliberate indifference.

Plaintiff alleges that he collapsed and lay on the tier floor for five or ten minutes before the cell door was opened and he crawled onto the lower bunk. He alleges that once Bailey arrived, he did not immediately call for help, but a C/O who was also an E.M.T. was present. Bailey called for help and medical staff arrived ten minutes later. Plaintiff was taken to the medical where he was treated. It is evident from the facts, as alleged, that Bailey sought care for Plaintiff and that Plaintiff was treated. While Plaintiff may complain that he did not receive immediate treatment, the fact is he received treatment following his collapse.

Plaintiff also alleges that following April 28, 2009, Medical Staff have failed to provide him with treatment despite his repeated requests. A civil rights complaint must state the conduct, time, place, and persons responsible for the

alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist._, 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police_, 570 F.2d 86, 89 (3d Cir. 1978)). The Complaint, as it is currently pled, does not mention individual Medical Staff members, nor does it alleges when the denial of medical care occurred. Therefore, the Court will dismiss the claim against the Medical Staff.

C. Request for Counsel

Plaintiff filed two requests for counsel. (D.I. 3, 6.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, representation by counsel may be appropriate under certain circumstances, if the Court finds that Plaintiff's claim has arguable merit in fact and law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

The Court should consider a number of factors when assessing a request for counsel, including: (1) Plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on

credibility determinations; and (6) whether the case will require testimony from expert witnesses. Tabron v. Grace, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

Upon consideration of the record, the Court is not persuaded that the request for counsel is warranted at this time. It is unclear whether Plaintiff's claim has arguable merit. Moreover, Plaintiff appears to have the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. More importantly, this case is in its early stages and, should the need for counsel arise later, one can be appointed at that time. Therefore, the Court will deny without prejudice the requests for counsel.

V. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome certain deficiencies noted herein, the Court will grant Plaintiff leave to file an amended complaint as the issue of denial of medical care.[3]

---

[3] Plaintiff should note that when an amended complaint is filed, the original Complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the

    An appropriate order follows.

                                            /s/ JOEL A. PISANO
                                            Joel A. Pisano
                                            United States District Judge

Dated: September 8, 2009

---

allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANTON BOHN, | : | Civil Action No. 09-420 (JAP) |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| JAMES T. VAUGHN CORRECTIONAL CENTER, et al., | : | |
| Defendants. | : | |

For the reasons expressed in the Opinion filed herewith, IT IS on this   8TH    day of September, 2009,

ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff may file an Amended Complaint addressing the deficiencies of his Complaint any time within 30 days from the date this Order is entered; and it is further

ORDERED that Plaintiff's failure to file an Amended Complaint within the time allowed, shall result in the case being closed; and it is finally

ORDERED that Plaintiff's requests for counsel are DENIED without prejudice.  (D.I. 3, 6.)

/s/Joel A. Pisano
JOEL A. PISANO
United States District Judge